**Entered on Docket**
**June 25, 2015**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**



**IT IS SO ORDERED.**
**Signed June 25, 2015**

*Arthur S. Weissbrodt*

**Arthur S. Weissbrodt**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ] Case No. 14-53190-ASW |
| | ] |
| OSCAR A. ADLAWAN and | ] Chapter 7 |
| EMELINDA P. ADLAWAN, | ] |
| | ] |
| | ] Hrg. Date: June 25, 2015 |
| Debtors. | ] Hrg. Time: 1:45 p.m. |

**TENTATIVE DECISION RE: MOTION TO CONVERT;**
**OBJECTION TO EXEMPTIONS**

Before the Court is the motion of Debtors Oscar A. Adlawan and
Emelinda P. Adlawan, represented by attorney Timothy McCandless, to
reconvert this bankruptcy case from a Chapter 7 to a Chapter 13
case. The Chapter 7 Trustee, Fred Hjelmeset, represented by
attorney Gregg Kleiner, opposes the motion. Also before the Court
is the Trustee's Objection to Debtors' Claims of Exemptions.
Debtors have not filed a response to that objection.

Taking the exemption issue first, the Trustee objects to two
exemptions claimed by Debtors on Amended Schedule C filed May 4,
2015. First, Debtors have claimed a homestead exemption of $175,000
in their residence under Cal. Civ. Proc. Code § 704.730(a)(3). The
evidence submitted by the Trustee indicates that Debtors are not
eligible for this amount of exemption because they were not 65

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

years old on the petition date; thus the maximum exemption Debtors may take in their residence is \$100,000 under Cal. Civ. Proc. Code § 704.730(a)(2). The Trustee's objection to this exemption is sustained.

Second, Debtors have claimed an exemption under Cal. Civ. Proc. Code § 704.070 in \$3,800 in cash maintained in a Wells Fargo Bank account and a \$3,800 tax refund. The Trustee objects because there is no evidence that these amounts constitute paid earnings under § 704.070. Section § 704.070 provides for an exemption for "paid earnings," which is defined as:

> earnings as defined in Section 706.011 [compensation payable by an employer to an employee — wages, salary, commission, bonus, etc.] that were paid to the employee during the 30-day period ending on the date of the levy. . . .

Cal. Civ. Proc. Code § 704.070(a)(2).

There is no evidence that the amounts at issue were received within 30 days of the petition date. In fact, the tax refund had not been received as of the petition date. These sums thus do not qualify for the paid earnings exemption. The Trustee's objection to this exemption is also sustained.

Turning to the motion to convert, at the prior hearing on the motion held on May 22, 2015, this Court ordered Debtors to file, by June 15, 2015, a declaration attaching a chapter 13 plan and explaining specifically how that plan meets the requirements for confirmation, particularly § 1325(a)(4). The Court also ordered Debtors to respond to the Trustee's objection to exemptions, unless the matter were resolved. If not, the declaration was to provide for alternate treatment depending on the final amount of the exemption.

On June 16, 2015, Debtors' counsel, not Debtors, submitted a declaration attaching a proposed chapter 13 plan, which counsel states, without analysis, meets the confirmation requirements of § 1325(a)(4). Counsel did not provide a calculation of how the liquidation test is met or any analysis of how that test is met if the Trustee's objection to exemptions is sustained. Counsel states that the proposed plan provides for payment in full to all allowed unsecured creditors over 60 months, which satisfies the liquidation test. Counsel also states that Debtors have adequate disposable income available to fund the chapter 13 plan, attaching Schedules I and J, which reflect monthly net income of $503.10. Debtors propose a plan payment of $464.50 over 60 months, for a total to be paid into the plan of $27,870.00. However, this case is already nearly 12 months old, and Debtors would not be able to "re-start" the 60 month period by re-converting. Conversion does not change the filing date of the petition, the commencement of the case, or the order for relief. See § 348(a). The Court may not approve a plan where the plan payments or any modifications to the plan exceed five years, or 60 months. § 1322(d) and § 1329(c). Thus, even if $27,870.00 is sufficient to satisfy the liquidation test, on its face, the plan is not feasible or confirmable.

Additionally, Debtors have not addressed the objections filed by the chapter 13 Trustee to Debtors' original plan. As pointed out by the Trustee, the proposed plan is essentially the same plan the Debtors failed to confirm when their case was pending in chapter 13, except that the plan payments have been increased slightly, and the plan asserts it will pay creditors 100% of their claims. The chapter 13 Trustee's objection included the assertion that the plan

needs to provide for a minimum amount to be paid to general unsecured creditors of $36,401.93. The chapter 13 Trustee also requested a Broker's Price Opinion for the real property at 1681 Peachwood, San Jose, CA, copies of payment advices, and amendments to Debtors' Statement of Current Monthly Income, Schedule B, and Schedule F. The Trustee notes that the amended Schedule F attached to the McCandless Declaration provides that unsecured claims have been reduced by over $101,700, but there is absolutely no evidence, or even an explanation, of this reduction.

Finally, the Court notes that Debtors did not appear at their most recently scheduled 341 meeting on June 23, 2015.

In short, Debtors have not met their burden of showing that they can likely confirm a chapter 13 plan. Accordingly, the motion to convert is denied. Counsel for the Trustee may submit proposed forms of order as to the objection to exemptions and the motion to convert.

This is a Tentative Decision. The parties may argue the matter at the hearing scheduled for June 25, 2015 at 1:45 p.m.

**\*\*\*END OF TENTATIVE DECISION\*\*\***

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5